IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARMEN SNOW, an individual, CAROL MURPHY, an individual, and STACEY McGINNIS, an individual, | |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| v. | |
| THE COMMITTEE FOR THE RECRUITMENT AND NOMINATION OF MEMBERS OF THE UTAH STATE BOARD OF EDUCATION, and MARK SHURTLEFF, in his official capacity as Attorney General for the State of Utah, | Case No. 2:12-cv-00817-RJS |
| Defendants. | Judge Robert J. Shelby |

Plaintiffs Carmen Snow, Carol Murphy, and Stacey McGinnis allege the nominating process to stand for election to the Utah State Board of Education ("USBE"), as defined by Utah Code § 20A-14-104, *et seq* and implemented by the Committee for the Recruitment and Nomination of Members of the Utah State Board of Education ("Committee"), violates their civil rights. (Compl., Dkt. No. 1.) Plaintiffs bring suit against the Committee, a state entity, and former Utah Attorney General Mark Shurtleff, acting in his official capacity. (Compl., Dkt. No. 1.) On October 30, 2012, Shurtleff filed a motion to dismiss himself from the suit, arguing Plaintiffs lack standing and failed to state a claim under 42 U.S.C. § 1983. (Dkt. No. 4.) The

1

motion remains unopposed. The time to respond has passed and the court will grant the motion. Furthermore, when the court evaluates the merits of Shurtleff's motion, it also finds that Plaintiffs have failed to establish standing to assert a claim against Shurtleff and have failed to properly bring an action under 42 U.S.C. § 1983.

Shurtleff argues he has not taken action against Plaintiffs, has not enforced Utah Code Section 20A-14-104, and that his generalized duty to enforce state law is insufficient to establish a causal connection to justify standing. (Def.'s Mem. in Supp. of Mot. to Dismiss., Dkt. No. 5, 4–5.) Article III standing requires that a plaintiff allege an injury-in-fact that has a causal connection to the defendant and is redressable by a favorable court decision. *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006). At a minimum causation requires a Plaintiff to demonstrate "a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). At most, Plaintiffs have alleged injury based on generalized actions, no more.

Once Shurtleff is dismissed only the Committee remains. As an arm of the State of Utah, the Committee is not a person subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989). Therefore, Plaintiffs have failed to assert a claim against a person and the court must dismiss Plaintiffs' federal claims asserted under 42 U.S.C. § 1983.

Regarding the remaining state law claims, " if the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, federal jurisdiction is based on the federal § 1983 claims. (Compl., Dkt. No. 1, ¶¶ 7–8.) With

the § 1983 claims dismissed, the court exercises its discretion in declining to retain supplemental jurisdiction over the remaining state law claims.

For the reasons discussed above, the Motion to Dismiss (Dkt. No. 4) is GRANTED. Furthermore, the federal claims brought under 42 U.S.C. § 1983 are DISMISSED and the two state claims are DISMISSED. The court orders the Clerk of the Court to close the case.

SO ORDERED this 7th day of August, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge